UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Harris, | Case No. 23-cv-0342 (NEB/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ADC, et al., | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge under a general assignment made in accordance with 28 U.S.C. § 636, and on Plaintiff Joshua Harris's (1) opening pleading ("Complaint" [Docket No. 1]); (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application" [Docket No. 4]); and (3) amended pleading ("Amended Complaint" [Docket No. 5]). For the following reasons, the Court recommends dismissing this action without prejudice as duplicative (and therefore frivolous).

The Court received the Complaint on February 10, 2023; at this time, authorities were detaining Plaintiff at the Ramsey County Adult Detention Center ("ADC") due to various state criminal proceedings. (See Compl. [Docket No. 1] at 1).[1] On February 27, 2023, the Court received Plaintiff's Amended Complaint. [Docket No. 5]. Under Federal Rule of Civil Procedure 15(a)(1)—which permits amendment "as a matter of course" in certain situations—the Amended Complaint is this action's operative pleading.

The Amended Complaint names two defendants: (1) "Ramsey's A.D.C.," which the Court construes as an attempt to sue the Ramsey County Adult Detention Center; and (2) "Ramsey's Courts," which the Court construes as an attempt to sue the Ramsey County District Court. (See

---

[1] Citations to filed materials use the pagination provided by the Court's CM/ECF filing system.

Am. Compl. [Docket No. 5] at 2). The key points focus on a disagreement about the amount of bail that Harris needed to pay to secure his release, a trip to "the hole" in the ADC when Plaintiff complained about the bail issues, and claims that authorities "parade[d]" Plaintiff around the ADC naked and in an embarrassing fashion. (See Id. at 1–2). For relief, Plaintiff asks for $300 million in damages and a promise that "something like this will never happen again." (Id. at 2).

Under 28 U.S.C. § 1915A(a), a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Amended Complaint reflects just this sort of action. Under § 1915A(b), as relevant here, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous . . . ." An action is frivolous "where it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also, e.g., Cokeley v. Endell, 27 F.3d 331, 332 (8th Cir. 1994) (quoting Neitzke).

Harris has been on a recent litigation spree in this District, and critically, his claims here mirror those in an earlier-filed suit: Harris v. A.D.C., No. 23-cv-0170 (ECT/TNL) (D. Minn.). The U.S. Supreme Court has noted a "general principle" of "avoid[ing] duplicative litigation," Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), and that principle plainly applies here. "Proceedings are duplicative if the issues in one case 'substantially duplicate those raised by a case pending in another court.'" Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A., 868 F.3d 661, 664 (8th Cir. 2017) (citing Ritchie Cap. Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 763 n.3 (8th Cir. 2011)). This substantial-duplication standard "does not require precise identity between the parties and actions; abstention can be warranted when proceedings are duplicative because of the overlapping issues and parties." Ritchie Cap. Mgmt., L.L.C., 868 F.3d

2

at 664; see also, e.g., ASI, Inc. v. Aquawood, LLC, No. 19-CV-0763 (JRT/HB), 2020 WL 13519442, at *3 (D. Minn. Jan. 6, 2020) (citing cases).

This action straightforwardly duplicates Case No. 23-cv-0170. The Court therefore recommends dismissing this action (without prejudice) as duplicative and therefore frivolous. See, e.g., Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming district-court dismissal of duplicative suit as frivolous); Metzler v. Dep't of Agric., No. 22-cv-735 (NEB/DTS), 2022 WL 3227358, at *1 (D. Minn. Apr. 21, 2022) (quoting Aziz), report and recommendation adopted, 2022 WL 3227568 (D. Minn. May 26, 2022).[2]

This recommendation of dismissal renders moot Plaintiff's IFP Application. Thus, the Court further recommends denying as moot Plaintiff's IFP Application.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** as duplicative (and so frivolous) under 28 U.S.C. § 1915A(b); and

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 4], be **DENIED as moot**.

Dated: March 23, 2023            s/Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 United States Magistrate Judge

---

[2] Although Plaintiff was confined to the ADC at the time he filed the present action, it appears that he has now been released from that facility. A mailing the Clerk of Court's office mailed to Plaintiff was returned as undeliverable, and Plaintiff has failed to provide any forwarding address or updated contact information. Plaintiff's failure to provide updated contact information does not alter this Court's recommendation. It is Plaintiff's obligation to keep this Court apprised of his updated contact information so that he may receive correspondence from the Court. See, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation adopted 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 Fed. App'x 678 (8th Cir. 2021); Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).